**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | Civil Action No.: 4:12-cv-1051 ECF |
| vs. | § § § | |
| ANTHONY J. NOCELLA, and J. RUSSELL MCCANN | § § § | |
| Defendants. | § § | |

## CONSENT OF DEFENDANT J. RUSSELL MCCANN

1.      Defendant J. Russell McCann ("Defendant" or "McCann") acknowledges having been served with the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.      Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

      (a)      permanently restrains and enjoins Defendant from aiding and abetting violations of Sections 13(a), 13(b)(2)(A), and 13(b)(2)(B) of the Exchange Act of 1934 "Exchange Act" [15 U.S.C. § 78m(a), 78m(b)(2)(A) and 78m(b)(2)(B)] and Rules 12b-20, 13a-11, and 13a-13 [17 C.F.R. §§ 240.12b-20, 240.13a-11, and 240.13a-13] thereunder;

      (b)      orders Defendant to pay disgorgement in the amount of $10,000, plus prejudgment interest thereon in the amount of $803.20, for a total of

**EXHIBIT**
**A**

$10,803.20.

3.      Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

4.      Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

5.      Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

6.      Defendant enters into this Consent based on the understanding that the Commission will not institute administrative proceedings against Defendant arising from the entry of the injunction in this matter, or relating to the facts alleged in this case.

7.      Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8.      Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9.      Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions.

10.     Consistent with 17 C.F.R. 202.5(f), this Consent resolves the claims asserted against Defendant in this civil proceeding.  Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or

representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.

11.     Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations; and (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12.     Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to

*SEC v. Nocella and McCann*
CONSENT OF MCCANN

seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13.    Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 6/4/15

_____
J. Russell McCann

On June 4, 2015, J. Russell McCann, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

SUZANNE R ARMSTRONG
NOTARY PUBLIC
State of Texas
Comm. Exp. 03-13-2017

Suzanne R. Armstrong
Notary Public
Commission expires:

*SEC v. Nocella and McCann*
CONSENT OF MCCANN

Approved as to form:

Barrett H. Reasoner
Texas Bar No. 16641980
S. D. Bar No. 14922
GIBBS & BRUNS LLP
1100 Louisiana, Suite 5300
Houston, Texas    77002
Telephone: (713) 650-8805
Facsimile: (713) 750-0903

**ATTORNEY-IN-CHARGE FOR DEFENDANT RUSSELL MCCANN**